634 May 13, 2026 No. 421

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of O. S. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. H.,
fka T. R. O.,
*Appellant.*

Lake County Circuit Court
23JU00944; A188130 (Control)

In the Matter of M. L. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. H.,
fka T. R. O.,
*Appellant.*

Lake County Circuit Court
23JU00946; A188131

In the Matter of S. R. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. H.,
fka T. R. O.,
*Appellant.*

Lake County Circuit Court
23JU00950; A188132

In the Matter of N. F. S.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*v.*
T. H.,
fka T. R. O.,
*Appellant.*
Lake County Circuit Court
23JU00952; A188133

David M. Vandenberg, Judge.

Submitted April 22, 2026.

Aron Perez-Selsky filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

PER CURIAM

Affirmed.

––––––––––––––
\* Lagesen, C. J., *vice* Joyce, J.

**PER CURIAM**

Mother appeals juvenile court judgments denying her motions to terminate the wardships over her four children and to dismiss the dependency cases for lack of jurisdiction. She assigns error to the juvenile court's determination that the basis for dependency jurisdiction—that mother's mental health issues interfered with her ability to safely parent her children to a degree sufficient to warrant dependency jurisdiction—continued to exist at the time of the hearing on the motion. Mother contends that the evidence is not legally sufficient to support that determination. Our review requires us to "assess whether the record was legally sufficient to permit the outcome that was reached." *Dept. of Human Services v. N. L. B.*, 306 Or App 93, 96, 473 P3d 610, *rev den*, 367 Or 220 (2020). In conducting that review, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's ruling." *Id*.

Where, as here, a permanency plan is reunification, the issues on a motion to dismiss dependency jurisdiction are (1) "whether the original bases for jurisdiction continue to pose a current threat of serious loss or injury"; and (2) if so, whether that threat is likely to be realized absent the exercise of dependency jurisdiction. *Id*. at 99; *Dept. of Human Services v. T .L.*, 279 Or App 673, 684-87, 473 P3d 610 (2016) (setting forth analytic framework for motions to dismiss dependency jurisdiction). Although the record demonstrates that mother had taken steps to address the risk posed by her mental health issues—both through counseling and seeking the help of family members—it is nonetheless sufficient to support the determination that mother's mental health issues presented an ongoing risk likely to be realized. Specifically, the record as a whole allows for the reasonable inference that the children have high needs, that mother's mental health issues at the time of hearing made it so mother could not meet those needs if parenting independently, and that mother's proposed plan at the time of the hearing for enlisting the help of a family member was not one that would mitigate the risk under the circumstances.

Affirmed.